IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH LIONEL INGRAHAM,
    Plaintiff,

vs.                                  Case No.: 3:12cv79/RV/EMT

SANTA ROSA CORRECTIONAL INSTITUTION,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's third amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 36). Leave to proceed in forma pauperis has been granted (doc. 14).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that dismissal of some of Plaintiff's claims is warranted.

I.    PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") housed at Santa Rosa Correctional Institution ("SRCI") (doc. 36 at 2).[1] He names SRCI as a Defendant in the style of the case, and three correctional officers at SRCI in the "Defendants" section of the complaint form, Sergeant McMackin, Classification Officer Deidrick, and Lieutenant Shaner (*id.* at 1, 2). In his Third Amended Complaint, the operative pleading in this case, Plaintiff alleges Defendant McMackin used excessive force on October 18, 2011, by punching him on the left side of his stomach, in violation of

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

the Eighth Amendment (*id.* at 7, 9). He contends the FDOC and SRCI violated his equal protection rights by denying his grievances related to this incident (*id.*).

Plaintiff additionally alleges Defendants Deidrick and Shaner violated his Fifth and Fourteenth Amendment rights by twice placing him in jeopardy for a disciplinary charge (doc. 36 at 7–9). He alleges the disciplinary charge of Disorderly Conduct was written by Officer Ducharme on October 18, 2011, DR #119-112381 (*id.* at 7, 33, 34). He alleges he was notified of the charge on October 25, 2011, after he was transferred to Gulf Correctional Institution (*id.* at 7, 34). He also alleges a hearing was held at Gulf Correctional Institution, and the charge was dismissed (*id.* at 7). Plaintiff alleges on January 3, 2012, after he returned to SRCI, he was provided another copy of the disciplinary charge (*id.* at 8, 33). He alleges Defendants Deidrick and Shaner convicted him of the disciplinary charge and sentenced him to thirty (30) days in disciplinary confinement (*id.* at 8, 36).

Plaintiff contends SRCI and the FDOC violated his Fifth, Eighth, and Fourteenth Amendment rights by "failing to help or assist me" (doc. 36 at 9). As relief, Plaintiff seeks transfer to another institution, termination of Defendants' employment with the FDOC, and "$50,000.00 a day for each day of suffering" (*id.*).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and

only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[2] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

III. ANALYSIS

Plaintiff's allegations against Defendants Shaner and Deidrick fail to state a double jeopardy violation. The Double Jeopardy Clause states that: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. It serves the function of preventing both "successive punishments and . . . successive prosecutions." United States v. Dixon, 509 U.S. 688, 696, 113 S. Ct. 2849, 2855, 125 L. Ed. 2d 556 (1993) (citing North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969)). The protection against multiple punishments prohibits the government from "punishing twice, or attempting a second time to punish criminally for the same offense." United States v. Ursery, 518 U.S. 267, 273, 116 S. Ct. 2135, 2139–40, 135 L. Ed. 2d 549 (1996) (internal quotations omitted); *see also* Witte v. United States, 515 U.S. 389, 396, 115

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

S. Ct. 2199, 2204, 132 L. Ed. 2d 351 (1995); Helvering v. Mitchell, 303 U.S. 391, 399, 58 S. Ct. 630, 633, 82 L. Ed. 917.

The Supreme Court has recognized, however, that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, "in common parlance, be described as punishment." Hudson v. United States, 522 U.S. 93, 98–99, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997) (internal quotation omitted). The Clause protects only against the imposition of multiple criminal punishments for the same offense. *Id.* at 99 (quotations omitted). The Double Jeopardy Clause does not apply to proceedings that are not "essentially criminal." Breed v. Jones, 421 U.S. 519, 528, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975). The Supreme Court has held that prison disciplinary proceedings are not part of a criminal prosecution. *See* Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

As the Eleventh Circuit explained in United States v. Mayes, 158 F.3d 1215, 1224 (11th Cir. 1998), "Prison officials have no authority to alter the inmates' original criminal sentences. They merely implement disciplinary proceedings that may, at most, change the conditions of the inmates' confinement for purposes of maintaining institutional order and encouraging compliance with prison rules." In Mayes, federal prisoners brought a double jeopardy challenge to criminal charges based upon the same offense conduct as disciplinary sanctions previously imposed by the federal Bureau of Prisons. The Mayes court held that the prison disciplinary sanctions imposed, which included a combination of disciplinary transfers to maximum security prisons, disciplinary segregation for 60 days, disallowance of between 41 and 94 days of accrued good conduct time, temporary losses of telephone, commissary, and/or recreational privileges, and losses of visitation privileges for up to one year, were not so punitive as to override the government's intent to create remedial administrative penalties for inmate misconduct. *Id.* Accordingly, the court declined to classify the regulations as "criminal," and rejected the inmates' double jeopardy challenges to their subsequent criminal prosecutions. *Id.*

In light of the foregoing, Plaintiff cannot establish that the prison disciplinary action constituted criminal punishment for double jeopardy purposes. *See* Mayes, *supra*; *see also* Taylor v. Gomez, 182 F.3d 927 (9th Cir. 1999) (concluding that inmate's double jeopardy argument lacked merit in that the district court correctly reasoned that his custody classification "is not punishment, but rather a method

for housing inmates based on their behavior"); Langton v. Berman, 667 F.2d 231, 233, 234 (1st Cir. 1981) (holding that punishing prisoner with 15 days isolation and loss of all privileges, including good-time credits, did not violate Double Jeopardy Clause because Double Jeopardy Clause applies only to criminal or quasi-criminal proceedings); Frazier v. McNeil, No. 3:09cv340/WS/MD, 2010 WL 893839, at *7–8 (N.D. Fla. Mar. 8, 2010) (rejecting inmate's double jeopardy challenge to his retention in close management based upon disciplinary report for which he had been previously convicted and punished, on ground that neither disciplinary action nor retention in close management constituted criminal punishment for double jeopardy purposes); Garland v. Marfield, No. 3:08cv261/RV/EMT, 2009 WL 22283 (N.D. Fla. Jan.2, 2009) (rejecting inmate's claim that his placement on CMIII status violated the Double Jeopardy Clause because he was already punished for the disciplinary infraction by serving time in disciplinary confinement; stating "Plaintiff's custody classification is not 'punishment' for double jeopardy purposes."); Butler v. McDonough, No. 2:06–cv–206–FtM–29SPC, 2007 WL 2071530, at *8 (M.D. Fla. 2007) ("[Double jeopardy] protections apply to criminal trials, not disciplinary hearings or subsequent inmate classifications utilized by jail officials to maintain safety and security at the jail."). Based on the foregoing, Plaintiff's claims against Defendants Deidrick and Shaner should be dismissed, as should Plaintiff's related claims against the Warden and the Secretary for the alleged double jeopardy violation.

Additionally, to the extent Plaintiff seeks to hold the Warden at SRCI and the Secretary of the FDOC liable for Defendant's McMackin's alleged use of excessive force, he has failed to state a claim for which relief may be granted. Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the

subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff does not allege that the Warden or the Secretary personally participated in the alleged use of excessive force. Further, he does not allege any facts suggesting a history of widespread use of excessive force by Defendant McMackin. Further, the facts do not suggest Defendant McMackin's alleged unconstitutional conduct was the result of a custom or policy of the Warden or the Secretary. Additionally, Plaintiff has not alleged facts supporting an inference that the Warden or Secretary directed McMackin to act unlawfully or knew that he would act unlawfully and failed to stop him from doing so. Therefore, the Warden of SRCI and the FDOC Secretary should be dismissed as Defendants.

Finally, Plaintiff failed to state an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To state a claim under the Equal Protection Clause, a prisoner generally must allege "that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotations omitted). Thus, in order to assert

a viable equal protection claim, a plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). The plaintiff must also allege that the defendant acted with the intent to discriminate against him. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367–68 (11th Cir. 1998); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987). The Equal Protection Clause is also implicated in "class of one" claims. Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006). A "class of one" equal protection claim does not allege discrimination against a protected class, but rather it alleges that the plaintiff "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Griffin Indus. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007), quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000). The same strict "similarly situated" standard applies whether an equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination. *Id.* at 1204–05.

Plaintiff does not allege he is similarly situated with other prisoners who received more favorable treatment than he. Furthermore, with respect to a traditional equal protection claim, Plaintiff fails to allege that the allegedly discriminatory treatment was based on a constitutionally protected interest, such as race. Moreover, as to both types of equal protection claims, Plaintiff does not allege that a Defendant acted with the intent to discriminate against him. Plaintiff's allegations therefore fail to state an equal protection claim.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims against Defendants Shaner and Deidrick be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. That Plaintiff's claims against the Warden of Santa Rosa Correctional Institution and the Secretary of the Florida Department of Corrections be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. That Lieutenant Shaner, Classification Officer Deidrick, the Warden of SRCI, and the Secretary of the FDOC be **DISMISSED** as Defendants from this action;

4. That Plaintiff's equal protection claim against Defendant McMackin, to the extent Plaintiff asserts one, be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

5. That this matter be referred to the undersigned for further proceedings on Plaintiff's Eighth Amendment claim of excessive force claim against Defendant McMackin.

At Pensacola, Florida, this 6th day of November 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**